UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PETERSON,<br><br>　　　　　Defendant. | No. 2:19-cv-0524 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On August 27, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. §1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In his amended complaint, plaintiff alleges he spoke to defendant, a correctional officer, about another correctional officer who had been threatening plaintiff, seeking to avoid further

1

contact with the threatening officer.  Defendant responded that he could not tell another correctional officer what to do.  A few hours later, the threatening officer tried to attack plaintiff, but was stopped by either another correctional officer or an inmate.  Plaintiff alleges defendant's failure to tell his supervisor about plaintiff's concerns amounts to a violation of the Eighth Amendment.  However, plaintiff was not subjected to "cruel and unusual punishment" by defendant under any reasonable definition of that phrase.  Further, plaintiff fails to explain why it was incumbent upon defendant to inform his supervisor about what plaintiff had told him and why plaintiff could not have relayed that information to a supervisor himself.

Next, plaintiff takes issue with the fact that the defendant refused to sign a grievance authored by plaintiff concerning the events described above.  These facts do not amount to a violation of federal law.  To the extent plaintiff believes that this amounts to a violation of his First Amendment right to petition to government for redress, plaintiff fails to indicate how any action taken by the defendant stopped him from petitioning.

Finally, plaintiff asserts that the defendant threatened plaintiff with return to his cell during a mental health treatment meeting in response to plaintiff threatening defendant with a lawsuit over the refusal to sign plaintiff's grievance.  Plaintiff was not returned to his cell and responded to defendant by threatening an additional action for retaliation.  Based upon these alleged facts, plaintiff suffered no injury.

In summary, none of the facts alleged by plaintiff support a federal lawsuit because any injury suffered by plaintiff was de minimis.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (to support a claim a harm must be "more than minimal").  For these reasons, the court will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted.  Having already granted plaintiff the opportunity to amend his

/////
/////
/////
/////
/////

pleadings in order to state a claim upon which relief could be granted, granting leave to amend a second time appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (ECF No. 15) be dismissed; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hamm0524.14